IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON,                      )
                                       )    2:08-cv-01446-GEB-GGH
                Plaintiff,             )
                                       )
        v.                             )    STATUS (PRETRIAL
                                       )    SCHEDULING) ORDER
GHODRAT SOLTANI, d/b/a South           )
Japanese Motors; KAMYAR SOLTANI,       )
                                       )
                Defendants.            )
_____)

        The status (pretrial scheduling) conference scheduled for
September 29, 2008, is vacated since Plaintiff's Status Report
indicates that the following Order should issue.

        Plaintiff's status report filed September 16, 2008, states
that "Defendant Kamyar Soltani was served on August 21, 2008, but has
not filed an answer" to Plaintiff's complaint.  Further, "Plaintiff
states if Defendant Kamyar Soltani does not respond to complaint,
Plaintiff will file a request for entry of default on this Defendant."
Since Plaintiff fails to explain when the action will be prosecuted
against this defendant, Plaintiff shall prosecute this action against
said defendant so that any motion for default judgment shall be filed
within forty-five (45) days from the date on which this order is
filed.

/ / /

/ / /

/ / /

1

1    <u>SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT</u>

2         No further service, joinder of parties or amendments to

3    pleadings is permitted, except with leave of Court, good cause having

4    been shown.

5                                 <u>DISCOVERY</u>

6         All discovery shall be completed by December 8, 2009.  In

7    this context, "completed" means that all discovery shall have been

8    conducted so that all depositions have been taken and any disputes

9    relative to discovery shall have been resolved by appropriate orders,

10   if necessary, and, where discovery has been ordered, the order has

11   been complied with or, alternatively, the time allowed for such

12   compliance shall have expired.[1]

13        Each party shall comply with Federal Rule of Civil Procedure

14   26(a)(2)'s initial expert witness disclosure and report requirements

15   on or before July 8, 2009, and with any rebuttal expert disclosure

16   authorized under the Rule on or before August 10, 2009.

17                          <u>MOTION HEARING SCHEDULE</u>

18        The last hearing date for motions shall be February 8, 2010,

19   at 9:00 a.m.[2]

20        Motions shall be filed in accordance with Local Rule 78-

21   230(b).  Opposition papers shall be filed in accordance with Local

22

23        [1]   The parties are advised that the Magistrate Judges in the
24   Eastern District are responsible for resolving discovery disputes.  <u>See</u>
     Local Rule 72-302(c)(1).   Accordingly, counsel shall direct all
25   discovery-related matters to the Magistrate Judge assigned to this case.
     A party conducting discovery near the discovery "completion" date runs
26   the risk of losing the opportunity to have a judge resolve discovery
     motions pursuant to the Local Rules.

27
     [2]   This time deadline does not apply to motions for continuances,
28   temporary restraining orders, emergency applications, or motions under
     Rule 16(e) of the Federal Rules of Civil Procedure.

Rule 78-230(c). <u>Failure to comply with this local rule may be deemed consent to the motion and the Court may dispose of the motion summarily</u>. <u>Brydges v. Lewis</u>, 18 F.3d 651, 652-53 (9th Cir. 1994). Further, failure to timely oppose a summary judgment motion may result in the granting of that motion if the movant shifts the burden to the nonmovant to demonstrate a genuine issue of material fact remains for trial. <u>Cf.</u> <u>Marshall v. Gates</u>, 44 F.3d 722 (9th Cir. 1995).

Absent highly unusual circumstances, reconsideration of a motion is appropriate only where:

(1) The Court is presented with newly discovered evidence that could not reasonably have been discovered prior to the filing of the party's motion or opposition papers;

(2) The Court committed clear error or the initial decision was manifestly unjust; or

(3) There is an intervening change in controlling law. A motion for reconsideration based on newly discovered evidence shall set forth, in detail, the reason why said evidence could not reasonably have been discovered prior to the filing of the party's motion or opposition papers. Motions for reconsideration shall comply with Local Rule 78-230(k) in all other respects.

The parties are cautioned that an untimely motion characterized as a motion in limine may be summarily denied. A motion in limine addresses the admissibility of evidence.

<u>FINAL PRETRIAL CONFERENCE</u>

The final pretrial conference is set for April 19, 2010, at 1:30 p.m. The parties are cautioned that the lead attorney who WILL TRY THE CASE for each party shall attend the final pretrial

conference.  In addition, all persons representing themselves and
appearing in propria persona must attend the pretrial conference.

The parties are warned that non-trial worthy issues could be
eliminated sua sponte "[i]f the pretrial conference discloses that no
material facts are in dispute and that the undisputed facts entitle
one of the parties to judgment as a matter of law." Portsmouth Square
v. S'holders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

The parties shall file a JOINT pretrial statement no later
than seven (7) calendar days prior to the final pretrial conference.[3]
The joint pretrial statement shall specify the issues for trial and
shall estimate the length of the trial.[4]  The Court uses the parties'
joint pretrial statement to prepare its final pretrial order and could
issue the final pretrial order without holding the scheduled final
pretrial conference.  See Mizwicki v. Helwig, 196 F.3d 828, 833 (7th
Cir. 1999) ("There is no requirement that the court hold a pretrial
conference.").  The final pretrial order supersedes the pleadings and
controls the facts and issues which may be presented at trial.  Issues
asserted in pleadings which are not preserved for trial in the final
pretrial order cannot be raised at trial.  Hotel Emp., et al. Health
Tr. v. Elks Lodge 1450, 827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues
not preserved in the pretrial order are eliminated from the action.");

---

[3]    The failure of one or more of the parties to participate in
the preparation of any joint document required to be filed in this case
does not excuse the other parties from their obligation to timely file
the document in accordance with this Order.  In the event a party fails
to participate as ordered, the party or parties timely submitting the
document shall include a declaration explaining why they were unable to
obtain the cooperation of the other party.

[4]    **The joint pretrial statement shall also state how much time
each party desires for voir dire, opening statements, and closing
arguments.**

1  <u>Valley Ranch Dev. Co. v. F.D.I.C.</u>, 960 F.2d 550, 554 (5th Cir. 1992)

2  (indicating that an issue omitted from the pretrial order is waived,

3  even if it appeared in the pleading); <u>cf.</u> <u>Raney v. Dist. of Columbia</u>,

4  892 F. Supp. 283 (D.D.C. 1995) (refusing to modify the pretrial order

5  to allow assertion of a previously-pled statute of limitations

6  defense); <u>Olympia Co. v. Celotex Corp.</u>, 597 F. Supp. 285, 289 (E.D.

7  La. 1984) (indicating that "[a]ny factual contention, legal

8  contention, any claim for relief or defense in whole or in part, or

9  affirmative matter not set forth in [the pretrial statement] shall be

10 deemed . . . withdrawn, notwithstanding the contentions of any

11 pleadings or other papers previously filed [in the action]").

12          <u>If possible, at the time of filing the joint pretrial</u>

13 <u>statement counsel shall also email it in a format compatible with</u>

14 <u>WordPerfect to: geborders@caed.uscourts.gov</u>.

15                          <u>TRIAL SETTING</u>

16          Trial is set for July 20, 2010, commencing at 9:00 a.m.

17                          <u>MISCELLANEOUS</u>

18          The parties are reminded that pursuant to Federal Rule of

19 Civil Procedure 16(b), the Status (Pretrial Scheduling) Order **shall**

20 **not be modified except by leave of Court upon a showing of good cause.**

21 **Counsel are cautioned that a mere stipulation by itself to change**

22 **dates does not constitute good cause.**

23          IT IS SO ORDERED.

24 **Dated:  September 24, 2008**

25

26                          _____
                            **GARLAND E. BURRELL, JR.**

27                          **United States District Judge**

28