IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
SCOTT N. JOHNSON,               )
                                )
            Plaintiff,          )  2:08-cv-01446-GEB-GGH
                                )
     v.                         )  ORDER GRANTING IN PART AND
                                )  DENYING IN PART DEFENSE
GHODRAT SOLTANI, Individually and)  COUNSEL'S MOTION TO WITHDRAW
d/b/a South Japanese Motors, KAMYAR) AS ATTORNEY OF RECORD*
SOLTANI,                        )
                                )
            Defendants.         )
                                )
```

On March 5, 2010, Defendants' Counsel Cris C. Vaughan ("Vaughan"), filed a motion to withdraw as attorney of record for Defendants based on two documents Defendant Ghodrat Soltani ("Ghodrat") filed with the Court on February 25, 2010, and March 1, 2010. Vaughan argues these documents show that "Defendants have now expressed their desire to represent themselves in this case" and therefore, under Eastern District of California Local Rule ("Local Rule") 182(d) and California Rule of Professional Conduct 3-700(C)(5), Vaughan should be permitted to withdraw as counsel since Defendants have "knowingly and freely assent[ed] to termination of [Vaughan's] employment." (Mot. 2:10-13.)

Vaughan's motion is **GRANTED** as to Ghodrat since Ghodrat signed a letter filed February 24, 2010, in which Ghodrat states: "Vaughan is no longer my attorney for the above-referenced case

---

\* This matter is deemed to be suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

because his services are no longer needed.  Therefore I will be representing myself."  (Docket No. 14.)

However, Vaughan's motion to withdraw as counsel for Defendant Kamyar Soltani ("Kamyar") is **DENIED**, since Vaughan has not explained why he should be allowed to withdraw as counsel for Kamyar, who was not party to either document Ghodrat filed.  Further, Local Rule 182(d) requires Vaughan to "provide an affidavit stating the current or last known address . . . of the client and the efforts made to *notify* the client of the motion to withdraw."  E.D. Cal. R. 182(d)(emphasis added).  Vaughan has not explained his attempts to notify Kamyar of his motion, nor has he provided Kamyar's address.  Kamyar's last known address is particularly important since the final pretrial conference is scheduled for April 19, 2010, and a joint pretrial statement is due seven days before the final pretrial conference.

Since the attorney representation issue has surfaced close to the final pretrial conference date, and it appears that date should be rescheduled, the final pretrial conference is continued to June 7, 2010, at 11:00 a.m.  Trial is still scheduled to commence on July 20, 2010, at 9:00 a.m.  Further, the hearing on the motion scheduled for April 5, 2010, at 9:00 a.m., is **VACATED**.

IT IS SO ORDERED.

Dated: April 1, 2010

GARLAND E. BURRELL, JR.
United States District Judge